## FOSTER v BALTIMORE & OHIO RD CO

Ohio Appeals, 1st Dist, Hamilton Co

Decided Feb 20, 1933

John W. Cowell, Cincinnati, for plaintiff in error.

Harmon, Colston, Goldsmith & Hoadly, Cincinnati, for defendant in error.

## OPINION

By HAMILTON, PJ.

We do not understand why this reply should have been stricken from the files. If it contained evidentiary matter, it might have been stricken on motion to strike the evidentiary matter from the reply. This was not done. The motion was to strike the reply from the files, and this motion was granted.

We are of opinion that the reply should not have been stricken, as it controverted all the facts alleged in the answer, and raised the question as to whether or not the plaintiff received notice of the rejection of her claim from the superintendent, and whether or not the conduct of the superintendent and the committees could be construed as a waiver of the rule requiring an appeal within 30 days from the decision of the superintendent.

The plaintiff, however, reserving exceptions, filed another amended reply, leaving out some of the facts which she may have considered evidentiary, and a motion to strike the second amended reply from the files was filed. The court granted this motion, to which the plaintiff excepted. We are of opinion that this was error.

The plaintiff thereupon tendered a third amended reply, putting in issue the question of waiver, and whether or not any final decision had been made by the superintendent, whether any notice of the decision had been given to the plaintiff, and whether the final action of the advisory committee constituted a waiver of the 30-day appeal, and whether an appeal under the circumstances was necessary. It also put in issue, under the general denial, the rules of the company requiring the 30-day appeal, the action of the superintendent, the action of the advisory committee, and the question as to whether or not the deceased was killed in the course of his employment or in protecting the defendant's property.

The court refused leave to plaintiff to file this reply, raising these issues. Whereupon the defendant moved for judgment on the pleadings, which motion the court granted, and the plaintiff's case was dismissed. Again we are of opinion that the court erred in refusing leave to file the reply and in entering the judgment on the pleadings as they stood.

There was a reply on file, which had not been stricken from the record which put in issue the facts in the case under the general denial.

The defendant's answer setting up the failure to appeal to the advisory committee within the 30 days was denied by this general denial. Further, the reply put in direct issue the question as to whether or not the 30-day requirement for filing the appeal was waived by the defendant company by its course of conduct.

Our conclusion is that the court erred in refusing leave to file the third amended reply; erred in striking the second amended reply from the files; and erred in granting judgment on the pleadings.

The judgment will be reversed, and the cause will be remanded to the Court of Common Pleas, with instructions to reinstate the case, permit the filing of the third amended reply and for further proceedings according to law.

Judgment reversed, and cause remanded.

CUSHING and ROSS, JJ, concur.